The Honorable Shirley Walters State Representative Post Office Box 1876 Greenwood, AR 72936-1876
Dear Representative Walters:
I am writing in response to your request for my opinion on the following questions:
 1. Pursuant to provisions of A.C.A. 8-6-704(b)(1)(D), (b)(2), and 8-6-712(b), are regional solid waste management boards authorized to adopt substantive regulations, by reference to existing state requirements, that prohibit illegal dumping and illegal burning of solid waste, and are consistent with and in accordance with but no more restrictive than such state requirements?
 2. May such boards adopt procedural regulations that provide for an administrative enforcement process, including administrative fines, compliant with the administrative procedures act to enforce such substantive district regulations?
RESPONSE
In light of the provisions of A.C.A. § 8-6-712(b) (Repl. 2000), I believe the answer to your first question is "yes." With respect to your second question, although the Code contains various provisions to enforce regulations of the sort at issue, no provision of the Code authorizes a solid waste management board to set up its own "enforcement process." *Page 2 
 Question 1: Pursuant to provisions of A.C.A. 8-6-704(b)(1)(D), (b)(2),and 8-6-712(b), are regional solid waste management boards authorized toadopt substantive regulations, by reference to existing staterequirements, that prohibit illegal dumping and illegal burning of solidwaste, and are consistent with and in accordance with but no morerestrictive than such state requirements?
In my opinion, the answer to this question is "yes."
Subsection 8-6-704(b)(1) of the Arkansas Code (Supp. 2007) provides in pertinent part:
 The regional solid waste management boards may:
 * * * (D) Employ an environmental officer who may:
 (i) Inspect all landfills;
 (ii) Inspect other solid waste facilities;
 (iii) Inspect waste haulers and other vehicles;
 (iv) Ensure compliance with all district regulations;
 (v) Collect evidence of noncompliance and present the evidence to the prosecuting attorney; or
 (vi) Issue citations for the violation of any district regulation.
Subsection (b)(2) of this statute provides:
 (A) If a regional solid waste management board employs an environmental officer under this subsection, then the environmental officer may complete the training course for law enforcement officers at the Arkansas Law Enforcement Training Academy.
 (B) After satisfactory completion of the training course, the environmental officer shall be a law enforcement officer. *Page 3 
 (C) After satisfactory completion of the training course, the environmental officer may:
 (i) Carry firearms;
 (ii) Execute and serve a warrant or other processes issued under the authority of the district and related to violations of district regulations; and
 (iii) Make arrests and issue citations for violations of district regulations regarding environmental protection.
Subsection 8-6-712(b) (Repl. 2000) further provides:
 The districts shall issue rules or regulations which are consistent with and in accordance with but no more restrictive than all applicable environmental protection performance standards adopted by state law or incorporated by reference from federal law.
This authorization appears to be separate and apart from the following authorization set forth in A.C.A. § 8-6-708 (Repl. 2000):
 The Arkansas Pollution Control and Ecology Commission is authorized to prescribe procedures and regulations:
 (1) To guide the initial and continued organization and operation of the respective boards in accordance with the purposes of this subchapter and § 8-6-801 et seq.[1]
The underlying legislative intent in enacting these statutes is set forth in A.C.A. § 8-6-701 (Repl. 2000), which provides:
 The purpose of this subchapter is to protect the public health and the state's environmental quality by establishing regional solid waste management and planning. The current system, relying upon solid *Page 4 
waste management by individual counties and municipalities, has fostered present conditions in which certain areas of the state are facing capacity shortages of crisis proportions, while others experience a surfeit of capacity with individual disposal facilities which cannot muster the resources for environmentally responsible operators. Given these disparate environmental and economic concerns, the General Assembly concludes that regional solid waste management and planning, under the oversight of the Arkansas Department of Environmental Quality and the Arkansas Pollution Control and Ecology Commission, is essential to address the imminent and future needs of the state. The terms and obligations of this subchapter shall be liberally construed so as to achieve remedial intent.
Subsection 8-6-712(b) in effect affords regional solid waste management districts parallel rule-making authority with the Arkansas Department of Environmental Quality ("ADEQ") and the Arkansas Pollution Control and Ecology Commission ("PC E"), subject to the condition that these state agencies have oversight over the districts as referenced in A.C.A. § 8-6-701. Specifically in response to your question, then, I believe regional solid waste management boards are, as you phrase it, clearly "authorized to adopt substantive regulations, by reference to existing state requirements, that prohibit illegal dumping and illegal burning of solid waste, and are consistent with and in accordance with but no more restrictive than such state requirements."[2]
 Question 2: May such boards adopt procedural regulations that providefor an administrative enforcement process, including administrativefines, compliant with the administrative procedures act to enforce suchsubstantive district regulations?
In my opinion, the answer to this question is "no." The Code contains no provisions empowering a regional solid waste management board to adopt independent procedural mechanisms to enforce district regulations that accord with state law. *Page 5 
Section 8-6-704 of the Code (Supp. 2007) sets forth the powers and duties of regional solid waste management boards. Subsection (b)(1)(D) of this statute generally provides that a district environmental officer may:
 (iv) Ensure compliance with all district regulations;
 (v) Collect evidence of noncompliance and present the evidence to the prosecuting attorney; or
 (vi) Issue citations for the violation of any district regulation.
Subsection (b)(2)(iii) further provides that an environmental officer may "[m]ake arrests and issue citations for violations of district regulations regarding environmental protection." Section 8-6-204 of the Code (Supp. 2007), contained within the Solid Waste Management Act, A.C.A. § 8-6-201 through-222 (Repl. 200 Supp. 2007), provides for criminal, civil and administrative penalties for violations of ADEQ and PC E rules and regulations. Subsection 8-6-204(b) authorizes the ADEQ to institute a civil action seeking a variety of remedies for violation of the subchapter setting forth the rules for disposal of solid wastes and other refuse. This statute does not address the remedies available in the event of a violation of a regional solid waste management rule or regulation. Section 8-6-405 (Repl. 2000) authorizes the ADEQ, the Attorney General or the county prosecuting attorney to seek injunctive relief against littering. Subsection 8-6-505(a) (Supp. 2007), contained within the Illegal Dump Eradication and Corrective Action Program Act," A.C.A. § 8-6-501 through-510 (Repl. 2002 Supp. 2007), further provides as follows:
 Any government official or employee or any person who has knowledge of or information on the illegal dumping of solid waste on any public or private property in this state may file a complaint in a court of competent jurisdiction of the county in which the illegal dumping of solid waste has taken place or in the county of residence of the person who is accused of being liable for the illegal dumping of the solid waste.
Subsection 8-6-503(6) (Supp. 2007) provides for the retention by a solid waste management district of an "illegal dumps control officer," which the statute defines as follows: *Page 6 
 "Illegal dumps control officer" means an individual employed by a duly authorized regional solid waste management district within this state, a county government within this state, or a pollution control inspector or other authorized representative of the department who is empowered to ensure compliance with the provisions of this subchapter[.]
It would appear that the empowerment of this officer includes that set forth in the above referenced A.C.A. § 8-6-505(a). In addition, A.C.A. § 8-6-508 (Supp. 2007), in pertinent part, provides an illegal dump control officer with the following authority:
 (a)(1) Illegal dumps control officers are empowered to ensure compliance with the provisions of this subchapter by having the right and duty to:
 (A) Inspect suspected illegal dumps;
 (B) Collect evidence of open dumping and littering and present the evidence to the prosecuting attorney or a court of competent jurisdiction where the offense was committed; and
 (C) Issue and serve citations for violations of provisions of the Arkansas Solid Waste Management Act, § 8-6-201 et seq., prohibiting illegal dumping, subject to exemptions under § 8-6-205
and the agricultural exemptions under § 8-6-509, and for violations of the Litter Control Act, § 8-6-401 et seq., prohibiting unlawful littering.
 (2) Citations issued by illegal dumps control officers shall be filed in any court having jurisdiction in the county where the offense is committed.
With respect to your specific question, then, no provision of the Code expressly authorizes a regional solid waste management board to establish its own administrative enforcement process, including fines, irrespective of whether this process might track the Administrative Procedures Act. Various avenues exist to remedy violations of regional solid waste management regulations, but none of these appears to involve an enforcement process administered by the regional solid waste management board itself. *Page 7 
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The referenced subchapter authorizes regional solid waste management boards to issue bonds to finance their operations and projects.
[2] Section 8-6-1701 of the Code (Repl. 2000) acknowledges the authority of the PC E to adopt regulations on burning. Section 8-6-905
(Repl. 2000) generally authorizes the PC E to adopt rules and regulations effectuating the powers and duties of the ADEQ with respect to the disposal of solid wastes.
 *Page 1